**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MARVIN A. ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-301-MEF |
| ) | (WO—Publish) |
| RENAISSANCE MONTGOMERY ) | |
| HOTEL & SPA AT THE CONVENTION ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause comes before the Court on the Motion for Summary Judgment (Doc. # 7) filed by the Renaissance Montgomery Hotel and Spa (Renaissance Hotel), the defendant in this case. The Renaissance Hotel's motion also contains a motion to dismiss as an alternative request for relief. The Magistrate Judge, after considering these motions, submitted a Report and Recommendation (Doc. # 24), advising this Court to deny both. For the reasons discussed below, the Report and Recommendation will be ADOPTED IN PART and MODIFIED IN PART. It will be ADOPTED as to the factual findings developed by the Magistrate Judge and to the extent that it DENIES the Renaissance's motion to dismiss. The report will be modified so as to GRANT rather than deny summary judgment in favor of the hotel.

1

## II. BACKGROUND

The Renaissance Hotel, in May of 2010, fired Marvin Ross for failing to perform an assigned task after a previous warning. (Docs. # 8-1, -11.) Ross then filed for and received unemployment compensation benefits. (Doc. # 8-2.) The Renaissance Hotel appealed Ross's benefits award to the Alabama Department of Industrial Relations (ADIR), and the agency's Hearings and Appeals division reversed. (Doc. # 8-1 at 2.) The ADIR rested its decision on its finding that Ross had "failed to complete an assigned task," which led to his firing for "misconduct committed in connection with his work . . . after previous warnings." (*Id.* at 1–2 (citing Ala. Code § 25-4-78(3)(b).)

After the ADIR's Board of Appeals denied Ross's appeal, he appealed again, this time to the Circuit Court of Montgomery County. There he received a trial de novo, which centered on whether Ross "failed to carry out a reasonable job task" after a prior warning. (Docs. # 8-10 at 5–6.) Both Ross and the Renaissance Hotel appeared in the case and both parties were represented by counsel. After a full trial on Ross's firing, the state circuit court upheld the ADIR's determination. The court found that the Renaissance Hotel fired Ross "for actual [] misconduct committed in connection with his work . . . after previous warnings." (Docs. # 8-1, -9, -10.)

Undeterred, Ross filed a pro se complaint against his former employer for age discrimination. Ross brought his claim under the Age Discrimination in Employment Act (ADEA), 28 U.S.C. § 621, alleging that his firing amounted to "unjust punishment" and

2

that "there is (are) another (other) underlying reason(s)" for the Renaissance Hotel firing him besides his repeated violations of work rules. The Renaissance Hotel now asks the Court to enter summary judgment on its behalf, claiming that the state circuit court's earlier decision—that Ross was fired for misconduct—precludes his later-filed age discrimination claim. The Magistrate Judge disagreed, however, and recommended that this Court deny the hotel's summary judgment motion.

### III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment looks to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court should grant summary judgment when the pleadings and supporting materials show that no genuine issue exists as to any material fact and that the moving party deserves judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the relevant documents that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To shoulder this burden, the moving party can present evidence to this effect. *Id.* at 322–23. Or it can show that the nonmoving party has failed to present evidence in support of some element of its case on which it ultimately bears the burden of proof. *Id.*

If the moving party meets its burden, the non-movant must then designate, by

3

affidavits, depositions, admissions, and answers to interrogatories, specific facts showing the existence of a genuine issue for trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). And a genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in his or her favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Thus, summary judgment requires the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Indeed, a plaintiff must present evidence demonstrating that he can establish the basic elements of his claim, *Celotex,* 477 U.S. at 322, because "conclusory allegations without specific supporting facts have no probative value" at the summary judgment stage. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

A court ruling on a motion for summary judgment must believe the non-movant's evidence. *Anderson*, 477 U.S. at 255. It also must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Id.* After the nonmoving party has responded to the motion, the court must grant summary judgment if there exists no genuine issue of material fact and the moving party deserves judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Now this Court must decide a single issue: does a state administrative proceeding determining that an employer fired an employee for actual misconduct bar the employee's later ADEA claim?

## IV. DISCUSSION

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment preclusive effect if the state's courts would do the same. As a necessary corollary, federal courts must look to state law to see whether a state court decision will preclude issues or claims brought in federal court. More specifically, and relevant here, "[a] state court's decision upholding an administrative body's findings has preclusive effect in a subsequent federal court proceeding if: (1) the courts of that state would be bound by the decision; and (2) the state proceedings that produced the decision comported with the requirements of due process." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982)).

Under Alabama law, a party has to establish four elements before the resolution of an issue in an earlier proceeding will preclude relitigation in a later one. First, the party claiming the benefit of the earlier judgment would had to have suffered prejudice if a different result obtained in the earlier proceeding. *Christian Television Corp. v. RCH Broadcasting, Inc.*, 554 So. 2d 989, 992 (Ala. 1989). Second, the party sought to be precluded has to have been a party or in privity with a party to the earlier case. *Id.* Third, the latter suit must involve an issue identical to the one actually litigated and decided in the first action. *Id.* And fourth, the result of the earlier case has to have turned on resolving the identical issue. *Id.*

The Renaissance Hotel can meet the first two elements easily. A different result in the unemployment compensation proceeding would have required the hotel to pay out

5

benefits to Ross, and Ross was, of course, a party to that case. With the first two elements satisfied, the preclusive effect of the state proceedings turns on comparing the dispositive issues in the unemployment compensation case with the issue presented by Ross's ADEA claim. If the issues are the same, the state court judgment upholding the administrative proceeding has preclusive effect; if the issues differ, it does not.

The Supreme Court of Alabama has taken a pragmatic, common sense approach to this inquiry. Under established precedent, an "issue" is a "single, certain and material point arising out of the allegations and contentions of the parties." *Christian Television*, 554 So. 2d at 992 (quoting *Moore's Federal Practice* 760–61 (2d ed. 1978)). Yet Alabama law does not require the two proceedings to present the exact same set of facts or have the parties raise the exact same set of contentions. *Id.* ("A new contention is not . . . necessarily a new issue."). By the same token, a litigant cannot split an issue into pieces in the second action, or decline to raise relevant arguments in the first, so as to avoid the preclusive effect of an unfavorable judgment in the first proceeding. *Id.* So to avoid giving litigants a second bite at the same apple, Alabama law holds that "[a]ny contention that is necessarily inconsistent with a prior adjudication of a material and litigated issue . . . is subsumed in that issue and precluded by the prior judgment's collateral estoppel effect." *Id.* (quoting *Moore's Federal Practice* 760–61 (2d ed. 1978)).

For example, in *Wal-Mart Stores v. Smitherman*, 743 So. 2d 442 (Ala. 1999), the Supreme Court of Alabama held that issue preclusion barred an employee from litigating

6

in state court the findings made by an unemployment compensation appeals referee after failing to appeal the referee's decision to circuit court. In reaching this conclusion, the *Smitherman* Court reasoned that the referee's finding that Smitherman's employer discharged her for misconduct precluded her from litigating her retaliatory discharge claim as a separate civil action, because a different result in the retaliation suit would necessarily conflict with the outcome of the earlier decision.

To determine what issue the state court decided in Ross's case, this Court must review the record and applicable state law. The relevant unemployment compensation statute, Ala. Code § 25-4-78(3)(b), required the state administrative agency to determine if the Renaissance Hotel fired Ross "for actual or threatened misconduct committed in connection with his work . . . repeated after a previous warning." At the outset of the agency proceeding, the ADIR's hearing officer declared, "What I will determine in the course of the hearing is whether Mr. Ross was discharged, whether he was discharged for an act of misconduct, whether the misconduct was related to his job, or whether he had prior warnings for a same or similar incident." (Doc. # 8-3 at 4–5.) The hearing officer then found that Ross did in fact engage in misconduct, stating that he "failed to complete an assigned task as he failed to change light bulbs reported as out, after prior warnings." (Doc. # 8-1.) The state circuit court upheld this finding. (Doc. # 8-9.) Significantly, Ross did not mention the alleged age discrimination by his employer as a reason for his firing in either the ADIR hearing or state court proceeding. (Doc. # 24 at 6.)

A court in this district has twice dealt with a similar issue, albeit not in the context of an ADEA claim. In *Rigby v. Marshall*, 134 F. Supp. 2d 1259 (M.D. Ala. 2000), Judge Thompson made clear that a plaintiff cannot raise new factual contentions and legal theories to avoid issue preclusion when he had a full and fair opportunity to present those issues in state court. In that case, Rigby, a § 1983 plaintiff, claimed that his employer illegally discharged him for exercising his First Amendment rights. Rigby, however, failed to raise the facts underlying his retaliation claims as a defense against the propriety of his discharge. Accordingly, Judge Thompson held that collateral estoppel barred "any argument or proof that Rigby was terminated for any reason other than violation of his employer's policies and procedures, as found by the unemployment-compensation-benefit-appeals referee." *Id.* at 1264.

In *Rawlinson v. Whitney National Bank*, 416 F. Supp. 2d 1263 (M.D. Ala. 2005), Judge Thompson decided a similar issue. There he held that although collateral estoppel precluded the plaintiff from relitigating whether she committed misconduct, she could still press her Title VII claim in federal court. Judge Thompson observed that the issue was "whether Rawlinson [] established Title VII liability by showing that race discrimination was 'a' motivating factor in her employment termination, even though there were other motivating factors." *Id.* at 1272. Comparing the issues in the state and federal proceedings, he stated, "[a] finding that race was a motivating, though not necessarily the determinative, factor in Rawlinson's termination would not be

8

inconsistent with the finding in the state proceedings." *Id.* at 1273. So despite finding Rawlinson "collaterally estopped from relitigating whether she committed misconduct after previous warnings," he held that this was "not fatal to her discriminatory-termination claim." *Id.* at 1274.

At first glance the opinions in *Rigby* and *Rawlinson* seem inconsistent. But Judge Thompson cleared up this apparent contradiction by noting in *Rawlinson* how Title VII allows for mixed motive claims whereas § 1983 did not. "This distinction is important because, to prevail under § 1983 where the plaintiff relies on circumstantial evidence, the plaintiff must show that the impermissible factor was 'the' motivating factor for the adverse-employment action, while, to prevail under Title VII, the plaintiff need only show that the impermissible factor was 'a' motivating factor for the adverse-employment action." *Rawlinson*, 416 F. Supp. 2d at 1274. Accordingly, "a finding in a state proceeding that a permissible factor was 'the' reason behind an adverse-employment action would not be inconsistent with a finding that an impermissible factor was 'a' motivating factor as well." *Id.*

Ross's case is more analogous to *Rigby* than *Rawlinson*. Under the ADEA, the plaintiff has to show that age was the "but for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009). This standard requires that "age [be] the 'reason' that the employer decided to act." *Id.* Put more simply, a plaintiff cannot bring a mixed-motive claim under the ADEA: "the employer either acted 'because

9

of' the plaintiff's age or it did not." *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010) (citing *Gross*, 129 S. Ct. at 2352). So under settled precedent, *Gross* forecloses Ross from pressing his claim under a mixed-motive theory.

The more difficult question, however, is whether the state court's finding that the Renaissance Hotel fired him for misconduct bars him from claiming age discrimination under a pretext theory. This Court holds that it does. Ross had plenty of reason (and opportunity) to argue in state court that he was not really disciplined for misconduct but instead for some other reason. In fact, if he could have shown that the Renaissance Hotel fired him for age discrimination, he presumably would have won on his claim for unemployment benefits. Yet he failed to argue in either the ADIR or state court proceeding that his employer's proffered reason for firing him amounted to pretext used to conceal age discrimination. His failure to do so then does not allow him to do so now. *See Rigby*, 134 F. Supp. 2d at 1264 (stating plaintiff should have raised other alleged reasons for his termination in state administrative proceedings); *Christian Television*, 554 So. 2d at 992 ("If a new legal theory or factual assertion put forward in the second action is 'related to the subject-matter and relevant to the issues' that were litigated and adjudicated previously, 'so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." (quoting *Moore's Federal Practice* 760–61)); *Leong v. Hilton Hotels Corp.*, 698 F. Supp. 1496, 1500 (D. Haw. 1988) ("Her claim in federal court is that the employer's activities

outlined in her complaint were motivated by a discriminatory animus which ultimately caused her to resign. As discussed earlier, plaintiff was free to raise this theory in the state proceeding and had every incentive to do so. Her failure to raise this theory does not foreclose use of collateral estoppel to preclude relitigation of the constructive discharge claim."). Because the state circuit court already adjudicated the reason for Ross's firing—his misconduct at work—Alabama's issue preclusion law bars Ross's ADEA claim.

      This conclusion finds further support in two Eighth Circuit opinions. In *Tolefree v. City of Kansas City*, 980 F.2d 1171 (8th Cir. 1992), Tolefree challenged his firing before the City's Personnel Appeals Board, but he never raised the issue of race discrimination. The Board held that Tolefree's employer properly terminated him, and a state circuit court summarily affirmed. Tolefree then brought a Title VII claim in which he alleged race discrimination under both a mixed motive and a pretext theory. Applying Missouri preclusion law, the Eighth Circuit found the pretext claim barred because the state court holding—that his employer properly terminated him—was mutually exclusive to a finding of discrimination under a pretext theory. *Id.* at 1174. But the court allowed Tolefree to proceed on his mixed motive theory for the same reason that Judge Thompson allowed the plaintiff to do so in *Rawlinson*: Tolefree only needed to "show that race was a motivating factor in his termination and that, absent discrimination, he would not have been fired." *Id.*

The Eighth Circuit later applied *Tolefree*'s logic to an ADEA claim. In *Bechtold v. City of Rosemont*, 104 F.3d 1062 (8th Cir. 1997), Bechtold challenged his firing before the City Council, and, after a hearing, the Council found he was fired for legitimate reasons. Bechtold appealed this finding, and the state court of appeals upheld the decision. He then filed suit in federal district court claiming age discrimination. Applying Minnesota's issue preclusion law, the Eighth Circuit found Bechtold's ADEA claim barred by the decision in the earlier state court proceeding. *Id.* at 1067. Notably, the court of appeals reached this decision pre-*Gross* and thus operated under the assumption that a plaintiff could bring an ADEA claim using a mixed-motive theory. Despite this, the court held the state court's finding that there was "no impropriety" as to Bechtold's termination "forecloses a claim that age was a motivating factor in the decision." *Id.*

At bottom, Ross, like the plaintiffs in *Rigby* and *Rawlinson* and *Tolefree*, already had the overriding reason for his firing adjudicated by a state court. But unlike the Title VII plaintiffs in *Rawlinson* and *Tolefree*, he does not have a mixed-motive claim available to him. Nor did he make mention of the alleged age discrimination against him in the state proceedings, despite his ample opportunity and incentive to do so. This failure, combined with the state court's decision upholding the ADIR's finding that the Renaissance Hotel fired him for actual misconduct, precludes him from relitigating the reason for his firing in federal court. This Court must therefore accept that his employer fired him for misconduct, and this finding makes it impossible for Ross to prove that but

12

for his age the Renaissance Hotel would not have fired him.[1] Accordingly, summary judgment is due to be granted in favor of the defendant.

## V. CONCLUSION

For the reasons discussed above, the result in Ross's state unemployment compensation case precludes him from proving a necessary element of his ADEA claim. Therefore, it is hereby ORDERED as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. # 24) is ADOPTED IN PART and MODIFIED IN PART. It is adopted to the extent that it develops the factual record and denies the Renaissance's alternative motion to dismiss. It is modified to grant rather than deny the Renaissance's summary judgment motion.

2. The Renaissance's Motion for Summary Judgment (Doc. # 7) is GRANTED.

3. The Renaissance's Alternative Motion to Dismiss (Doc. # 7) is DENIED.

Done this the 27th day of March, 2012.

                                             /s/ Mark E. Fuller
                                             UNITED STATES DISTRICT JUDGE

---

[1] The Magistrate Judge disagreed with this line of reasoning, finding that "it is not 'necessary' for Ross to prove he was not terminated 'for' misconduct," because he "may be entitled to relief if he is able to establish that—while he was terminated for misconduct—he would not have been terminated for that misconduct but for his age." (Doc. # 24 at 8.) But as the Magistrate Judge also noted, Ross failed to raise this argument in the administrative proceeding or in front of the circuit court. (*Id.* at 5.) More importantly, the ADIR found that Ross was fired "*for actual misconduct*," Ala. Code § 25-4-78(3)(b) (emphasis added), which excludes the possibility the Renaissance fired him because of his age but cited his misconduct as the reason so as to conceal an impermissible motive.